UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **JAMES CLARK, ET AL.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 23-7289** |
| **GEOVERA ADVANTAGE INSURANCE SERVICES, INC.** | **SECTION "O"** |

## ORDER AND REASONS

Before the Court in this first-party-insurance case is the Federal Rule of Civil Procedure 12(b)(6) motion[1] of Defendant GeoVera Specialty Insurance Company, Inc. to dismiss as prescribed the breach-of-insurance-contract and statutory bad-faith claims that Plaintiffs James and Marilyn Clark assert against it. The Clarks originally sued the wrong entity—GeoVera Advantage Insurance Services, Inc.—in state court within the two-year prescriptive period set by their insurance policy. After that prescriptive period expired, the Clarks amended their petition to name the correct entity, GeoVera Specialty. GeoVera Specialty in turn removed the case to this Court and moved to dismiss under Rule 12(b)(6). GeoVera Specialty contends that the Clarks' claims are prescribed, and that the Clarks' otherwise untimely amended petition does not relate back under Rule 15(c). The Court disagrees. The otherwise untimely amended petition against GeoVera Specialty relates back to the date of the timely original petition against GeoVera Advantage because the requirements of Rule 15(c)(1)(C) are met. So the Clarks' claims are not prescribed. Accordingly, for these reasons and those that follow, GeoVera Specialty's motion to dismiss is **DENIED**.

---

[1] ECF No. 10.

## I.   BACKGROUND

This case arises from the Clarks' claim that GeoVera Specialty failed to timely and adequately pay them the proceeds due under their homeowners insurance policy for damage their home suffered during Hurricane Ida.[2] Because GeoVera Specialty contends that the Clarks' claims are prescribed, precise dates are important.

The Clarks own property insured under a GeoVera Specialty homeowners policy.[3] The policy has a "Suit Against Us" provision that functionally sets a two-year prescriptive period; no one contests that provision's enforceability.[4] *Cf.* LA. STAT. ANN. § 22:868(B) (Louisiana insurance contracts generally cannot limit a right of action against the insurer to a period of less than two years after the date of loss).

Hurricane Ida damaged the Clarks' property on August 29, 2021.[5] Less than two years later, in June 2023, the Clarks timely sued the wrong entity—GeoVera Advantage—in state court, alleging that GeoVera Advantage breached the insurance policy and violated Sections 22:1892 and 22:1973 of the Louisiana Revised Statutes.[6]

On August 26, 2023—three days before the two-year prescriptive period was set to expire—GeoVera Advantage's counsel in the state-court case sent the Clarks' counsel this email[7] explaining that the Clarks had sued the wrong GeoVera entity:

---

[2] *See* ECF No. 1-2 (original petition); ECF No. 1-3 (first supplemental and amending petition).
[3] ECF No. 1-2 at ¶¶ 4–5; ECF No. 1-3 at ¶ 34 (amending original petition to substitute GeoVera Specialty in place of GeoVera Advantage throughout the original petition).
[4] ECF No. 10-6 at 35 (§ H) ("No action can be brought against us unless there has been full compliance with all of the terms of this policy *and the action is started within two years after the date of loss*.") (emphasis added).
[5] ECF No. 1-2 at ¶ 7.
[6] *Id.* at ¶ 32.
[7] ECF No. 10-8 at 1.

> I received an assignment from GeoVera Thursday night to appear for a hearing on a Motion to Compel Friday morning in St. Tammany. I was told the adjuster had spoken to you and that the matter would be continued. I appeared and the matter was still on the docket. The court continued the matter without date.
>
> As I believe the adjuster advised you, the GeoVera entity named in the suit is incorrect. The policy for this claim is attached.

Of importance to the relation-back analysis, GeoVera Advantage's counsel in the state-court case also represents GeoVera Specialty in this case.[8]

Thirty-seven days after the two-year prescriptive period expired, on October 5, the Clarks filed a supplemental and amended petition naming the correct entity—GeoVera Specialty—as the Defendant.[9] The Clarks "supplement[ed] and amend[ed]" the allegations of their original petition "by substituting" GeoVera Specialty "in the place of" GeoVera Advantage "throughout the entire original [p]etition."[10]

Just over two months later, on December 12, GeoVera Specialty was served with a copy of the Clarks' supplemental and amended petition.[11]

GeoVera Specialty removed the case to this Court the next day.[12]

GeoVera Specialty now moves the Court to dismiss this case under Rule 12(b)(6) because it says the Clarks' claims are prescribed.[13] The Clarks oppose.[14]

---

[8] *Compare Docket*, *Clark v. GeoVera Advantage Ins. Servs., Inc.*, No. 23-CV-7289 (E.D. La.) (listing Samuel Baumgartner as one of GeoVera Specialty's counsel) *with* ECF No. 10-8 at 1 (email referencing Baumgartner's receipt of "an assignment from GeoVera . . . to appear for a hearing" in the state-court case that, at the time, involved only GeoVera Advantage).
[9] ECF No. 1-3 at ¶ 34.
[10] *Id.* at ¶ 35.
[11] ECF No. 1 at ¶ 9; *see also* ECF No. 10-1 at 3, 10.
[12] ECF No. 1 at ¶¶ 1–17.
[13] ECF No. 10.
[14] ECF No. 14.

## II. LEGAL STANDARD

Rule 8(a)(2) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint that does not meet Rule 8(a)(2)'s pleading standard should be dismissed for failing to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell. Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitations of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

Ultimately, "[t]o survive a motion to dismiss" under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "Although '[courts] accept all well-pled facts as true, construing all reasonable inferences in the complaint in the light most favorable to the plaintiff, conclusory allegations, unwarranted factual inferences, or legal conclusions are not accepted as true.'" *Hodge v. Engleman*, 90 F.4th 840, 843 (5th Cir. 2024) (quoting *Allen v. Hays*, 65 F.4th 736, 743 (5th Cir. 2023)).

## III. ANALYSIS

GeoVera Specialty contends that the Clarks' claims are prescribed and do not relate back to the date of the Clarks' timely filed original petition against GeoVera Advantage under Rule 15(c)(1)(C). All agree that the Clarks did not sue GeoVera Specialty within two years of Hurricane Ida. So the Clarks' claims against GeoVera Specialty are prescribed unless they relate back to the date of the Clarks' timely filed original petition against GeoVera Advantage under Rule 15(c)(1)(C). They do.

"When an amended pleading relates back to the date of a timely filed original pleading, it is thus itself timely even though it was filed outside an applicable statute of limitations." *Johnson v. Miller*, 126 F.4th 1020, 1026–27 (5th Cir. 2025) (quotation omitted). "Relation back is typically allowed if a plaintiff seeks to correct a technical difficulty, state a new legal theory of relief, or amplify the facts alleged in the prior complaint." *Id.* at 1027 (quotation omitted). But "notice is the critical element involved in relation-back determinations; [the Court] must ask whether the opposing party was put on notice of the new claim." *Id.* (quotation omitted).

Relation back aims "to balance the interests of the defendant protected by the statute of limitations with the preference expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for resolving disputes on their merits." *Krupski v. Costa Crociere S. p. A.*, 560 U.S. 538, 550 (2010) (citations omitted). "A prospective defendant who legitimately believed that the limitations period had passed without any attempt to sue him has a strong interest in repose." *Id.* "But repose would be a windfall for a prospective defendant who understood, or

5

who should have understood, that he escaped suit during the limitations period only because the plaintiff misunderstood a crucial fact about his identity." *Id.*

Rule 15(c)(1) governs relation-back of amendments. It provides that an amendment to a pleading relates back to the date of the original pleading when—

> (A) the law that provides the applicable statute of limitations allows relation back;
>
> (B) the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out--or attempted to be set out--in the original pleading; or
>
> *(C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the [90-day] period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by amendment:*
>
>> *(i) received such notice of the action that it will not be prejudiced in defending on the merits; and*
>>
>> *(ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.*

FED. R. CIV. P. 15(c)(1) (emphasis added).

Rule 15(c)(1)(C) governs the relation-back analysis where, as here, an amendment adds a party to an existing suit. *See Allen v. Hays*, 65 F.4th 736, 751 (5th Cir. 2023). "This rule 'is meant to allow an amendment changing the name of a party to relate back to the original complaint only if the change is the result of an error, such as a misnomer or misidentification.'" *Balle v. Nueces Cnty.*, 952 F.3d 552, 557 (5th Cir. 2017) (quoting *Jacobsen v. Osborne*, 133 F.3d 315, 320 (5th Cir. 1998)). For its part, the Fifth Circuit "take[s] a 'sensible approach to reading a complaint so that suits may be maintained regardless of technical pleading errors' as is required by

Rule 15(c)." *Sanders-Burns v. City of Plano*, 594 F.3d 366, 380 (5th Cir. 2010) (quoting *Hill v. Shelander*, 924 F.2d 1370, 1373–74 (7th Cir. 1991)). After all, "the purpose of Rule 15(c) is to 'help, not hinder, persons who have a legal right to bring their problems before the courts.'" *Id.* (quoting *Hill*, 924 F.2d at 1375).

Mindful of the purpose of Rule 15(c) and of the Fifth Circuit's "sensible approach," *id.* (quotation omitted) to relation back, the Court holds that the Clarks' otherwise untimely claims against GeoVera Specialty relate back to the date of their timely filed original petition against GeoVera Advantage under Rule 15(c)(1)(C).

Each of Rule 15(c)(1)(C)'s requirements is met. First, the Clarks' amended petition "changes the party or the naming of the party against whom a claim is asserted" because it amends the original petition to name GeoVera Specialty as the Defendant in place of GeoVera Advantage. FED. R. CIV. P. 15(c)(1)(C). Second, "Rule 15(c)(1)(B) is satisfied" because the claims the Clarks assert against GeoVera Specialty in their amended petition arise out of the same "conduct, transaction, or occurrence set out" in their original petition—that is, the adjustment of the Clarks' Hurricane Ida property-damage claim under the Clarks' homeowners policy. *Id.*

The remaining Rule 15(c)(1)(C) requirements reduce to whether, within the 90-day period provided by Rule 4(m), GeoVera Specialty "(i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." FED. R. CIV. P. 15(c)(1)(C)(i)–(ii).

Those requirements are met. Notice sufficient under Rule 15(c)(1)(C) was timely imputed to GeoVera Specialty on August 26, 2023—before the two-year prescriptive period expired on August 29, 2023, and before the Rule 4(m) period had run[15]—through the counsel GeoVera Specialty shared with GeoVera Advantage. *See Jacobsen*, 133 F.3d at 320 ("[N]otice may be imputed to the new party through shared counsel." (citations omitted)). On August 26, 2023, shared counsel for GeoVera Specialty and GeoVera Advantage acknowledged a hearing in the state-court case that was then pending against GeoVera Advantage, advised the Clarks' counsel that the wrong entity had been sued, and attached the relevant insurance policy reflecting that GeoVera Specialty was the "right" entity.[16] Of course, GeoVera Specialty and GeoVera advantage are distinct entities. But "it is clear" that GeoVera Specialty "was aware of the suit against" GeoVera Advantage "through the shared counsel." *Barkins v. Int'l Inns, Inc.*, 825 F.2d 905, 907 (5th Cir. 1987); *accord, e.g.*, *In re Am. River Transp. Co.*, 533 F. Supp. 3d 355, 365 (E.D. La. 2021) (Lemmon, J.) (holding that notice sufficient under Rule 15(c)(1)(C) was imputed from the incorrectly named entity to the correct entity through the entities' shared counsel). Finally, GeoVera

---

[15] The parties have not briefed the question whether, in a removed case where service is perfected before removal, the Rule 15(c)(1)(C) notice period runs from the date of removal, rather than the date the original complaint (or petition) is filed in state court. *Cf.* 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1137 (4th ed.) ("In removed cases, the Rule 4(m) time period starts to run upon removal to the federal district court, not the date the action was originated in state court[.]"). If the Rule 15(c)(1)(C) notice period commenced to run from GeoVera Specialty's removal of this case on December 13, 2023, then relation-back would be required for the independent reason that GeoVera Specialty admits that it "receive[d] sufficient notice of suit" when it was served with the Clarks' amended petition on December 12, 2023, months before the Rule 15(c)(1)(C) notice period would have expired. ECF No. 10-1 at 9. Because it does not change the result, however, the Court simply assumes—without deciding—that the 90-day "period provided by Rule 4(m)" began to run from the date the original petition was filed, on June 15, 2023.

[16] ECF No. 10-8 at 1.

Specialty does not argue that "it will . . . be prejudiced in defending" the Clarks' suit "on the merits." FED. R. CIV. P. 15(c)(1)(C)(i). Relation back is thus required.

The Court's conclusion coheres with the purpose of relation back under Rule 15(c)(1)(C). GeoVera Specialty did not have "a strong interest in repose" because it could not have "legitimately believed" that the prescriptive period "had passed without any attempt to sue [it]." *Krupski*, 560 U.S. at 550. On the contrary, as noted, the email sent by shared counsel for GeoVera Specialty and GeoVera Advantage on August 26, 2023—three days before the two-year prescriptive period expired—confirms that GeoVera Specialty knew or should have known that the Clarks meant to sue it. And because GeoVera Specialty "understood, or . . . should have understood, that [it] escaped suit during the [prescriptive] period only because" of the Clarks' counsel's misidentification, "repose would be a windfall for" GeoVera Specialty. *Id*.

GeoVera Specialty's arguments do not change the Court's analysis or the result. First, GeoVera Specialty suggests the Court should deny relation back because the Clarks' counsel dithered despite being "informed numerous times in writing as to who the proper insuring entity was[.]"[17] But dilatory conduct cannot justify denying relation back under Rule 15(c)(1)(C). *See Krupski*, 560 U.S. at 552–553. Rule 15(c)(1)(C) "sets forth an exclusive list of requirements for relation back, and the amending party's diligence is not among them." *Id*. at 553. The Court has no discretion to deny relation back where, as here, Rule 15(c)(1)(C)'s requirements are met: "[T]he Rule *mandates* relation back once the Rule's requirements are satisfied;

---

[17] ECF No. 10-1 at 7.

9

it does not leave the decision whether to grant relation back to the district court's equitable discretion." *Id.* at 553 (emphasis added) (citing FED. R. CIV. P. 15(c)(1)).

Second, GeoVera Specialty invokes two thoughtful but nonprecedential district-court orders denying Rule 15(c)(1)(C) relation back where, like here, a plaintiff timely named GeoVera Advantage and only named GeoVera Specialty by way of an untimely amendment. *See Khan v. GeoVera Specialty Ins. Co.*, No. 23-CV-1399, 2023 WL 4561605, at *3–4 (E.D. La. July 17, 2023) (Morgan, J.); *Lacy v. GeoVera Advantage Servs. Inc.*, No. 22-CV-5978, 2023 WL 3022566, at *3 (W.D. La. Apr. 20, 2023). *Khan* does not control for the simple reason that the facts presented there differ materially from the facts presented here. Here, unlike there, notice of the suit against GeoVera Advantage was timely and clearly imputed to GeoVera Specialty through counsel shared by GeoVera Advantage and GeoVera Specialty. *See Jacobsen*, 133 F.3d at 320; *Barkins*, 825 F.2d at 907. Unlike the record in *Khan*, the record here reflects that, before the prescriptive period expired, shared counsel for GeoVera Advantage and GeoVera Specialty *knew* the Clarks had mistakenly sued GeoVera Advantage instead of GeoVera Specialty.[18] And *Lacy* does not control because it did not account for Fifth Circuit precedent holding that notice sufficient under Rule 15(c)(1)(C) may be imputed from the incorrect entity to the correct entity through shared counsel. *See Jacobsen*, 133 F.3d at 320; *Barkins*, 825 F.2d at 907.

---

[18] ECF No. 10-8 at 1.

* * *

In sum, the Court denies GeoVera Specialty's motion to dismiss the Clarks' claims as prescribed under Rule 12(b)(6) because the Clarks' otherwise untimely amended petition against GeoVera Specialty relates back to the date of the Clarks' timely filed original petition against GeoVera Advantage under Rule 15(c)(1)(C).

## IV.   CONCLUSION

Accordingly,

**IT IS ORDERED** that the motion[19] to dismiss is **DENIED**.

New Orleans, Louisiana, this 28th day of March, 2025.

_____
BRANDON S. LONG
UNITED STATES DISTRICT JUDGE

---

[19] ECF No. 10.